[No. 8764.]

RECORDS ET AL. V. EAVES.

TRIAL—*Directed Verdict.* Where there is evidence which, if believed, warrants a verdict for plaintiff, it is error to direct a verdict for defendant.

*Error to Clear Creek County Court.* Hon. WALTER S. HOBBS, Judge.

*Department.*

Mr. HERMAN E. CRIST, Mr. GEORGE S. BERRY, for plaintiffs in error.

Mr. F. L. COLLOM, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

Plaintiffs in error brought suit in a justice court to recover the purchase price of a lot of jewelry. Judgment was rendered for the defendant, from which an appeal was taken to the County Court.

On the trial in that court a verdict was directed for the defendant. The cause is here for a review of the judgment there entered. There were, of course, no pleadings, and the plaintiffs were entitled to recover if the evidence established an indebtedness due to them regardless of the form of action.

One of the plaintiffs testified that the defendant purchased of plaintiffs goods to the amount of $187.60; that they were delivered to defendant, retained by him, and not paid for. There was in evidence a letter from defendant to plaintiffs advising them that defendant had concluded to "withdraw from the proposition." A second letter, dated two days later, acknowledged receipt of the goods, and announced that they had been returned, "as the stipulation made with your salesman was that the order was not to be sent for 60 days, and we intended making out an entirely different order, and had he explained this situation to you, you would not have gone to all the trouble."

From this letter the jury would have been justified in concluding that the defendant acknowledged the purchase, and complained only of a too early delivery.

Even if the statement in the letter as to the return of the goods be taken as evidence of their return, it does no more than create a conflict of evidence on that point, the testimony of one of the plaintiffs being that the goods had never been returned.

There was undisputed evidence of a sale, and if the goods were retained, the plaintiffs were entitled to recover their value. There being a conflict of evidence as

to the return of the goods, the case should have gone to the jury. The direction of a verdict was error.

It appears further that the verdict was directed over the objection of plaintiffs' counsel that they had not yet rested their case.

Because of these errors, the judgment is **reversed.**

*Judgment reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.